UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X   Case No.
CRAIG ROTH,
                     Plaintiff,
                                          **COMPLAINT**
      - against -

COUNTY OF NASSAU                          **PLAINTIFFS DEMAND**
                                            **A TRIAL BY JURY**
                 Defendants.
------------------------------------------------------X

      Plaintiff, CRAIG ROTH, by his attorneys, PHILLIPS & ASSOCIATES, Attorneys at Law, PLLC, hereby complains of Defendants, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the New York State Human Rights Law, New York State Executive Law § 296 *et. seq.*, seeking to recover damages to redress the injuries he has suffered as a result of **discrimination** solely due to his disability: Type 1 Diabetes.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 12101, *et. seq.*, and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law, pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), based upon Defendants' residency within the State of New York, County of Nassau, within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed a Notice of Claim within 90 days of the accrual of this claim.

6. More than 30 days have elapsed since the filing of the Notice of Claim and no 50h-hearing was requested by Defendants within the statutory timeframe.

7. On or about July 17, 2015, Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

8. Plaintiff received a Notice of Right to Sue from the EEOC, dated October 15, 2015, with respect to the herein charges of discrimination. A copy of the Notices is annexed hereto.

9. This Action is being commenced within 90 days of receipt of said Right to Sue.

## PARTIES

10. That at all times relevant hereto, Plaintiff CRAIG ROTH ("ROTH") is a resident of the County of Nassau and State of New York.

11. That at all times relevant hereto, Defendant COUNTY OF NASSAU was and is a municipal corporation, located within the State of New York.

## MATERIAL FACTS

12. Plaintiff was diagnosed with Type I diabetes at the age of seven (7).

13. Plaintiff has managed and controlled his diabetic condition without incident for the past 3 years.

14. Plaintiff is 23 years old.

15. Plaintiff is currently a New York City Police Officer for the New York Police Department.

16. Plaintiff is a citizen of the United States.

17. Plaintiff has submitted to a background investigation prior to appointment.

18. Plaintiff has a valid New York State driver's license.

19. Plaintiff does not have any felony convictions.

20. Plaintiff has 32 or more credits of college education.

21. On or about December 2012, Plaintiff took the Nassau Police Officer Examination for a police officer position with the Nassau County Police Department.

22. In furtherance of his candidacy, Plaintiff completed and passed a series of examinations.

23. As part of the application process, on or about March 16, 2014, Plaintiff took a three hour physical fitness screening. This examination is designed to evaluate whether a candidate can fulfill the physical requirements necessary to become a Nassau County Police Officer.

24. On or about March 2014, Plaintiff was notified that he had passed the physical fitness test.

25. On or about July 2014, Plaintiff appeared for a background investigation.

26. On or about September 2014, Plaintiff was notified that he had passed the background investigation.

27. On or about October 2014, Plaintiff appeared for both polygraph and psychological examinations. Plaintiff received a call stating that he is moving on to the next step in the process. Plaintiff received notification a few weeks after the exams.

28. On or about January 28, 2015, the Commission notified Plaintiff that he was on "medical hold to complete endocrine and cardiac evaluations" and that he will be notified of what will be required of him to complete his medical evaluation.

29. On or about January 28, 2015, Plaintiff was informed by separate cover that Plaintiff had to provide certain medical documentation. Plaintiff complied with the request and provided all of the medical documentation requested.

30. In furtherance of the Commission's request, Plaintiff was evaluated by his cardiologist. In a letter dated March 2, 2015, Daniel M. Appelbaum, M.D., "I have evaluated Mr. Roth. On February 5th, he had a physical examination and an exercise stress test. He exercised eleven minutes to a heart rate of 165 without any abnormalities." Dr. Roth concluded his letter stating, "Mr, Roth is very healthy and has no exercise limitations, which would include a running a mile and a half."

31. It is clear from Dr. Appelbaum's letter that Plaintiff was fit to become a police officer.

32. Plaintiff also provided the Commission with documentation from his endocrinologist Perry B. Herson. This documentation further proved that Plaintiff was fit to be a police officer.

33. In a letter dated April 8, 2015, the Nassau County Civil Service Commission (the "Commission") informed Plaintiff that he had been disqualified because of his endocrine condition (insulin-dependent diabetes) which precludes ability to fulfill the physical requirements of a Police Officer.

34. By letter dated April 20, 2015, Plaintiff notified the Commission that he was appealing the disqualification.

35. On or about May 27, 2015, Dr. Herson drafted a handwritten letter stating, "[Mr. Roth] is under my care for Type I diabetes. His glycemic control is excellent and he had no episodes of hypoglycemia. I believe he would be fully able to perform his duties as a Nassau County Police Officer."

36. Contrary to Defendant COUNTY's determination, on July 2, 2015, Plaintiff graduated from the New York City Police Academy and was found to have the ability to fulfill the physical requirements of a Police Officer.

37. In order to graduate from the New York City Police Academy, Plaintiff must participate in physically intensive training. The process is almost identical to the Nassau County Policy Department position except for the polygraph.

38. Plaintiff passed the training and was found to be medically fit to become a New York City Police Officer.

39. On or about August 2015, Plaintiff was sent to Dr. Rosenthal, an endocrinologist authorized by Nassau County Civil Service. Dr. Rosenthal told Plaintiff that he saw no reason why Plaintiff should not be a police officer for Nassau County.

40. Despite this statement, Dr. Rosenthal provided an incomplete and contradictory recommendation. Dr. Rosenthal's recommendation was speculative and stated that, "in my medical opinion, the potential for glycemic instability which *may* occur during the performance of the duties of a Nassau County police officer is troubling and significant. The lack of such an event during his prior work experience is reassuring but does not preclude future problems should he become a member of the Nassau County Police Department. (Emphasis added).

41. Clearly, Defendants sole reason for the denial of Plaintiff ROTH'S application to work as a Nassau County Police Officer is discriminatory and based on his disability.

42. Plaintiff has been employed as a Public Safety officer at Nassau Community College from 2013 to 2015. Plaintiff has also serves as a seasonal police officer I the Long Beach Police Department from 2010 to 2013. Plaintiff has not had any difficulty with

his insulin pump or any problems with his diabetes while he was employed in these roles.

43. Plaintiff ROTH felt and continues to feel offended, disturbed, and humiliated by the discrimination.

44. Defendants' actions and conduct were intentional and intended to harm Plaintiff ROTH.

45. As a result of the acts and conduct complained of herein, Plaintiff ROTH has suffered and will continue to suffer loss of pay, benefits, seniority, bonus, raises and non-pecuniary losses such as emotional pain and suffering.

46. As a result of the above, Plaintiff ROTH has been damaged in an amount in excess of the jurisdiction of the Court.

47. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff ROTH demands Punitive Damages as against all Defendants, jointly and severally.

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

48. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

49. Plaintiff claims that Defendants violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) ("ADA"), as amended, as these titles appear in volume 42 of the United States Code, beginning at Section 12101.

50. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112 "Discrimination" states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job

application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

51. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of his disabilities.

52. As such, Plaintiff has been damaged as set forth herein.

## SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: "(a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

55. Defendants violated the section cited herein as set forth.

## INJURY AND DAMAGES

56. As a result of the acts and conduct complained of herein, Plaintiff ROTH has suffered, and will continue to suffer. In addition, Plaintiff ROTH has suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to his reputation, , and other non-pecuniary losses.

## JURY DEMAND

57. Plaintiff requests a jury trial on all issues to be tried.

WHEREFORE, Plaintiffs respectfully request a judgment against the Defendants:

A. Declaring that Defendants engaged in unlawful employment practices prohibited by Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and the New York State Executive Law §296 *et. seq.*, by discriminating against Plaintiff on the basis of his disability;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendants' unlawful discrimination and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: New York, New York
November 5, 2015

                              **PHILLIPS & ASSOCIATES,**
                              **ATTORNEYS AT LAW, PLLC**

By: _____
       Marjorie Mesidor, Esq.
       Brittany A. Stevens, Esq.
       Attorneys for Plaintiff
       45 Broadway, Suite 620
       New York, New York 10006
       (212) 248-7431
       mmesidor@tpglaws.com
       bstevens@tpglaws.com