UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
CRAIG ROTH,
                        Plaintiff,

-against-
                                                  **MEMORANDUM AND ORDER**
                                                    15-CV-6358 (LDW)(AYS)

COUNTY OF NASSAU,

                        Defendant.
---------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Plaintiff Craig Roth ("Roth") commenced this action against the County of Nassau ("Defendant" or "Nassau"), alleging disability discrimination under the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.* (hereinafter "ADA") and parallel claims under the New York Executive Law § 296 ("NY Exec. Law"). Presently before this Court is Plaintiff's motion to quash a subpoena issued to Plaintiff's current employer, the New York City Police Department ("NYPD"), an entity that is not a party to this action. See Docket Entry ("DE") 24. For the reasons set forth below, the motion to quash and the protective order is granted in part and denied in part**.**

    I.      BACKGROUND

Plaintiff is a twenty-three year old male. Compl. ¶ 14, DE 1. He was diagnosed with type 1 diabetes at the age of seven. Id. at 12. In December of 2012, Plaintiff applied for a position with the Nassau County Police Department ("NCPD"). Id. ¶ 21. As part of Plaintiff's candidacy process, he was required to complete a series of examinations, pass

1

a three hour physical fitness screening, pass a background investigation, and pass polygraph and psychological examinations. Despite Plaintiff's successful completion of NCPD's requirements, on January 28, 2015, the Nassau County Civil Service Commission (the "Commission") notified Plaintiff that he was on "medical hold to complete endocrine and cardiac evaluations." Id. ¶ 28. On that same date, Plaintiff was informed of the need to provide certain medical documentation. In response to the Commission's request, Plaintiff submitted a letter from his cardiologist, which stated that Plaintiff is "very healthy and has no exercise limitations, which would include [] running a mile and a half." Id. ¶ 30. On April 20, 2015, the Commission informed Plaintiff that he had been disqualified because of his endocrine condition (insulin-dependent diabetes) which precludes ability to fulfill the physical requirement of police officer. Id. ¶ 33. Plaintiff notified the Commission that he was appealing the disqualification. Id. ¶ 35.

Less than three months after NCPD disqualified Plaintiff, he graduated from the New York City Police Department Academy. The NYPD's hiring process is similar to that of the NCPD's process. Aside from the taking of a polygraph test, the other requirements of the two police departments, including physical fitness, are almost identical. Although NCPD found Plaintiff's disability rendered Plaintiff unfit, Plaintiff passed NYPD's required training, and the NYPD determined Plaintiff to be medically fit. Id. at 38. Prior to working for the NYPD, Plaintiff worked as a Public Safety Officer for Nassau Community College from 2013-2015. He also worked as a seasonal police officer for the Long Beach Police Department from 2010-2013. Id. ¶ 42. Thus, Plaintiff points to his prior work experience and the fact that the NYPD found him to medically fit as evidence that the NCPD denied his application based on discrimination of his disability.

Id. ¶ 41.

II. Procedural History

Plaintiff commenced this action on November 5, 2015. DE 1. Defendants answered on January 11, 2015. DE 14. At that time the case was before District Judge I. Leo Glasser and Magistrate Judge Cheryl L. Pollak. On February 2, 2016, Judge Pollak held an initial conference, where she set an initial discovery schedule, directing that Parties respond to document requests by April 25, 2016. DE 15. The next day, the case was reassigned to District Judge Leonard D. Wexler and the undersigned. See Order dated February 11, 2016. On August 10, 2016, this Court scheduled an in person status conference for September 8, 2016. See Electronic Order dated August 10, 2016. Parties requested and were granted an adjournment. DE 17. On September 29, 2016, Judge Wexler advised the parties that a pretrial conference was scheduled for October 5, 2016. See Order dated September 29, 2016.

At the October 5, 2016 status conference, this Court directed that all depositions shall be complete by November 30, 2016, that the IME shall be complete by December 31, 2016, and that all expert discovery shall be complete by March 31, 2017. See DE 18. Following the status conference, the Parties appeared before Judge Wexler for a pretrial conference. Judge Wexler advised the parties that jury selection would take place on June 26, 2017. DE 19. On November 10, 2016, the parties requested an extension of time to take depositions. The request was granted; however, this Court made clear that such extension would not alter the trial date scheduled before Judge Wexler. See Electronic Order dated November 22, 2016. By that same order, this Court advised the parties that to the extent they have a "dispute over records that the Defendant intends to subpoena from

3

the New York City Police Department ("the Subpoena"), Defendant must make that request before a motion on the matter of quashing or a protective order may be brought. Any such discovery or subpoena must be served prior to making such motions." Id. Plaintiff moved for reconsideration. This Court granted reconsideration, and further set a briefing schedule regarding the Plaintiff's motion to quash. See Order dated November 30, 2016. The parties have timely complied with the briefing schedule. At this time all papers have been filed and the motion is ripe for decision. See DE 24, 25, 27.

III.     The Motion to Quash

As noted above, the motion to quash is regarding a subpoena addressed to the NYPD. The NYPD is not a party to this action; it is Plaintiff's current employer. The Subpoena seeks production of documents pertaining to Plaintiff's current employment. DE 24, Exhibit ("Ex.") 1. Counsel representing Plaintiff has moved to quash the Subpoena.

At the outset, the Court notes that Plaintiff alleges standing to move to quash the Subpoena on the ground that he has "a legitimate privacy interest in the information sought." See Plaintiff's Motion ("Pl. Mot.") at 1, DE 24. Indeed, it is undisputed that Plaintiff has standing to move to quash the non-party subpoenas. Generally, a party has standing to quash a non-party subpoena where the plaintiff has a legitimate privacy interest in the information sought. See Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010) (citing Ireh v. Nassau Univ. Med. Center, 2008 WL 4283344, at *3 (E.D.N.Y. 2008) and Mirkin v. Winston Res., LLC, 2008 WL 4861840, at *1 (S.D.N.Y. 2008)). Here, Plaintiff has a legitimate privacy interest in information regarding his subsequent employment and therefore has standing to bring the instant motion. See id.

4

(citing Mirkin, 2008 WL 4861840, at *1).

II. The Subpoena

The Subpoena specifically seeks:

1. Any documents provided by or on behalf of Craig Roth in connection with his application to become a NYPD officer, including by not limited to plaintiff's official application, medical disclosures, medical records, letters of recommendation, education records, etc.

2. Any documents relating to compensation earned by Craig Roth from the NYPD for the past three years, including, but not limited to salary, wages, bonuses, and other compensation.

3. A list of benefits to which NYPD officer are entitled.

4. All disciplinary records pertaining to Craig Roth's employment by the NYPD,

5. A list or description of Craig Roth's job duties as an officer with the NYPD, together with any supporting documentation.

6. Any other documents or materials submitted by or on behalf of plaintiff in connection with his application to become a NYPD officer.

DISCUSSION

I. Legal Standard

In general, a party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party and proportional to the needs of the case. FED. R. CIV. P. 26(b)(1). Nonetheless, a court has discretion to circumscribe discovery even of relevant evidence by making any order which justice requires "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED.

R. CIV. P. 26(c)(1); see Herbert v. Lando, 441 U.S. 153, 177 (1979).

FED. R. CIV. P. 45(d) provides additional protection for non-parties subject to subpoena by mandating that a court "quash or modify the subpoena if it . . . subjects [the] person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). Determinations of issues of "undue burden" are committed to the discretion of the trial court. See, e.g., In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 68–70 (2d Cir. 2003); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 49 (S.D.N.Y. 1996); see also FED. R. CIV. P. 26 1970 advisory committee's note ("Rule 26(c) ... confers broad powers on the courts to regulate or prevent discovery even though the materials sought are within the scope of [discovery under FED. R. CIV. P.] 26(b), and these powers have always been freely exercised."); Herbert, 441 U.S. at 177, 99 S. Ct. 1635 ("[T]he district courts should not neglect their power to restrict discovery" under FED. R. CIV. P. 26(c) and "should not hesitate to exercise appropriate control over the discovery process."). In making this determination, a court must limit a party's discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the proposed discovery is outside the scope permitted by rule 26(b)(1).
>
> FED. R. CIV. P. 26(b)(2)(C). Rule 26(b)(1) states:
>
> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Thus, it is settled that "judges may prevent [a] proposed deposition when the facts and circumstances are such that it creates an inappropriate burden or hardship." In re Subpoena Issued to Dennis Friedman, 350 F.3d at 70. The burden of persuasion in a motion to quash a subpoena and for a protective order is borne by the movant. See, e.g., Dove v. Atl. Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992) (citation omitted); Monarch Knitting Mach. Corp. v. Sulzer Moral GMBH, 1998 WL 338106, at *1 (S.D.N.Y. 1998).

II.  The Parties' Positions

Plaintiff argues that the Court should quash Defendant's subpoena in its entirety on the basis that none of the documents sought by the subpoena are relevant. Plaintiff reasons that he brought claims of disability discrimination, and neither Plaintiff's allegations nor Defendant's defenses have anything to do with the documents Defendants are seeking. Pl. Mot. at 2, DE 24.  Plaintiff argues that (1) the records pertaining to Plaintiff's current employment have absolutely no connection to, and are in no way relevant to, Plaintiff's claims of disability discrimination against his former employer; (2) the subpoena is harassing and overbroad; and (3) even if the Court found the documents the subpoena sought were relevant, it should be quashed as it poses a greater burden on Plaintiff than a benefit to Defendant. Id. Plaintiff further argues that the nature of the information sought and its production is not "proportional to the needs of the case," as required by Fed. R. Civ. P. 26(b)(1).

Defendant claims that it is entitled to all of the documents sought by the subpoena on the theory that such documents are relevant. Defendant states that the medical records, documentation, and other materials Plaintiff provided to NYPD as part of his application process are relevant with regard to whether Plaintiff was hired under false pretenses, whether he was hired on the bases of incomplete or inaccurate information, and that it goes directly to impeaching the plaintiff's credibility, honesty, and character. Defendant's Motion in Opposition ("Def. Mot. in Opp.") at 2-4, DE 25. Defendants argue that the NYPD's records regarding Plaintiff's disciplinary information and arrest statistics are relevant because Plaintiff seeks to utilize his current employment with the NYPD as evidence that he is capable of performing the duties of a police officer. Plaintiff further argues that the NYPD's records regarding Plaintiff's compensation and benefits are relevant to Plaintiff's lost wages claims. Thus, Defendant urges this Court to deny Plaintiff's motion to quash.

IV. <u>Analysis</u>

   a. <u>As to Relevancy of the Documentation Sought</u>

Defendant argues that by comparing the hiring decisions of the NCPD and the NYPD, Plaintiff has put his application process with the NYPD at issue. Defendant reasons that Plaintiff should not, on one hand be permitted to support his claim of discrimination with the fact he was hired and found to be medically fit by the NYPD despite his disability, and on the other hand prevent disclosure of the materials submitted to the NYPD which formed the basis of its decision to hire Plaintiff. Defendant's Motion in Reply ("Def. Mot. in Opp.") at 3, DE 25. Defendant argues that such records are particularly relevant to the Plaintiff's claim because a review of Plaintiff's medical

records revealed that Plaintiff had asked his doctor to withhold a particular medical record from the NYPD. Specifically, one of the records from Plaintiff's physician, Dr. Herson, had a handwritten note stating, "[d]o not show to NYPD." DE 25-1. Defendant therefore argues that the NYPD's decision to hire Plaintiff may have been made upon inaccurate or incomplete information. Def. Mot. in Opp. at 2. The Defendant additionally points to an excerpt of Dr. Herson's transcript, in which he stated that although in his opinion Plaintiff was completely capable to perform the duties required by the NYPD, Plaintiff may have made that request not to disclose the form because Plaintiff though it showed that his control of the diabetes had worsened. Id. at 1-2.

Plaintiff points to a portion of that same transcript; however, it is a portion that was not provided to the Court. According to Plaintiff, when asked about the notation, Dr. Herson testified that he does not recall if he provided records to the NYPD but after reviewing his chart it appears that he submitted a fitness screening test, a physician's certification, and a summation. Plaintiff's Motion in Reply ("Pl. Mot. in Reply") at 1, DE 27. Plaintiff claims that no other information was requested by the NYPD, so no other documentation was provided. Id. Thus, Plaintiff argues that he made no misrepresentation to the NYPD, and even if he had, any documents submitted to the NYPD are irrelevant as they are not a party to the lawsuit. Id.

Plaintiff relies on Warnke v. CVS Corp., 265 F.R.D. 65 (E.D.N.Y 2010) for the proposition that records submitted to a subsequent employer are not relevant. In Warnke, the plaintiff alleged age discrimination. Id. at 65. The defendant served subpoenas on three of plaintiff's subsequent employers. Each subpoena requested plaintiff's employment application, his resume, his personnel file, payroll records and offer of

employment. Id. Plaintiff moved to quash the subpoenas. With regard to the application information sought, the defendant argued that it was entitled to "the statements Plaintiff made to subsequent employers about the reason why he was unemployed." Id. at 67. The court held that such information was not reasonably calculated to lead to other matter that could bear on any issue that is or may in the case. Id.

Here, Plaintiff's complaint alleges that the NCPD discriminated against him by disqualifying him for the position of police officer. In support of this claim, Plaintiff alleges that in contrast to the NCPD, the NYPD found him to be "medically fit" to become a police officer. Compl. ¶ 38, DE 1. Plaintiff's complaint specifically states that the process to become a police officer with the NYPD is almost identical to the process utilized by the NCPD. Id. at 37. Thus, unlike Warnke, the information and documentation Plaintiff submitted in connection with his application to the NYPD is relevant, as it may demonstrate whether the NYPD was or was not privy to the same information regarding Plaintiff's health that the NCPD possessed. If the NYPD hired Plaintiff based upon incomplete information as to Plaintiff's medical condition, it may belie the Plaintiff's argument that NCPD's determination was based on discrimination.

Conversely, Plaintiff has not put his current ability to carry out his job performance at issue. Indeed, the number of arrests made by Plaintiff and Plaintiff's disciplinary records are not indicative of whether the NCPD discriminated against Plaintiff when it disqualified him for a police officer position. See Phillip Henry v. Morgan's Hotel Grp., Inc., 2016 WL 303114, at *3 (S.D.N.Y. 2016) ("Even if Henry was not an 'exceptional' waiter at his prior jobs (whatever that may mean), it is not remotely apparent what difference that would make regarding the allegations of discrimination and

retaliation he has made in this case."). Thus, the Court does not find such documents to be relevant.

    b. <u>The Documents Sought In Connection with Plaintiff's NYPD Application is Proportional to the Needs of the Case and Is Not Unduly Burdensome</u>

As stated above, the Court finds the documents sought in connection with Plaintiff's application to the NYPD to be relevant. The Court also finds the documents sought with regard to Plaintiff's current compensation and benefit information to be relevant, as such information may relate to Plaintiff's claim for lost wages. Accordingly, the Court must consider the nature of the relevant information, whether its production is proportional to the needs of the case, and if the production would result in an undue burden. Fed. R. Civ. P. 26(b)(1).

As to the documents sought relating to Plaintiff's current compensation and benefit information, the Court finds the Defendant has neither provided case law to support its entitlement to such records, nor has it made a showing that such records cannot be obtained through less intrusive means, namely by requesting the documents from Plaintiff. Pl. Mot. in Reply at 2-3. Accordingly, Defendant is not entitled to subpoena information pertaining to Plaintiff's benefits and compensation from Plaintiff's employer, but must obtain the information from less intrusive means where possible. Warnke, 265 F.R.D. at 70.

As to the documents sought in connection with Plaintiff's entire application to the NYPD, the Court finds such request to be overly broad and not proportional to the needs of the case. Indeed, the Defendant has failed to demonstrate how any documents and materials submitted by Plaintiff in connection with his application to the NYPD is

proportional to a case alleging discrimination based upon a disability. As such, the Subpoena shall be tailored to include only documents related to Plaintiff's health and/or medical condition which were provided by or on behalf of Plaintiff in connection with his application to become a NYPD officer, including but not limited to plaintiff's official application, medical disclosures, and medical records.

As to Plaintiff's argument that the service of a subpoena on his future employer is burdensome because it may subject him to further retaliation, the Court finds such argument unpersuasive. The nature of the action that Plaintiff has commenced is discrimination, Plaintiff has alleged that his employment with the NYPD supports the allegation that the NCPD discriminated against him, as such documentation forming the basis of the NYPD's decision to hire Plaintiff squarely fits within the "needs of the case." Thus, although Plaintiff may be faced with a burden should his employer be issued a subpoena, a greater burden exists on the Defendant if it does not obtain such documents. Therefore, Defendant may subpoena documents related to Plaintiff's health and/or medical condition which were provided by or on behalf of Plaintiff in connection with his application to become a NYPD officer, including but not limited to plaintiff's official application, medical disclosures, and medical records.

## CONCLUSION

For the foregoing reasons, the Plaintiff's motion to quash as set forth in Docket Entry [24] is granted in part and denied in part. The motion to quash is denied to the extent that Defendant may issue a subpoena on the New York Police Department seeking production of documents related to Plaintiff's health and/or medical condition which were provided by or on behalf of Plaintiff in connection with his application to become a

NYPD officer, including but not limited to plaintiff's official application, medical disclosures, and medical records. In all other aspects, the motion to quash is granted.

Dated: Central Islip, New York
       January 6, 2017

                                              /s/ Anne Y. Shields
                                              ANNE Y. SHIELDS
                                              United States Magistrate Judge